**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FRANCISCO HERNANDEZ, et al., | ) | |
| | ) | |
| | ) | Case No. 16 C 10747 |
| Plaintiffs, | ) | |
| | ) | Judge Gettleman |
| v. | ) | |
| | ) | Magistrate Judge Schenkier |
| MULTI-SERVICIOS LATINO, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ELITE STAFFING'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT**

Defendant, Elite Staffing, Inc. ("Elite"), by and through its attorneys, hereby submits its Memorandum of Law In Support of Its Motion to Dismiss Plaintiffs' Fourth Amended Class Action Complaints pursuant to Fed. R. Civ. P. 12(b)(6) (the "Fourth Amended Complaint").[1]

## I.      INTRODUCTION

Defendant Elite finds itself in this case as a result of Plaintiffs' impermissible claim-splitting and following its settlement of the prior *Baker* lawsuit, Case No. 15 CV 3246.  In *Baker*, Plaintiffs asserted claims against Defendant Elite under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Illinois Day and Temporary Labor Services Act ("IDTLSA").  A copy of the *Baker* complaint is attached as Exhibit A.[2]  The District Court certified a Rule 23 class encompassing all of Plaintiffs' "state law claims."  *Baker*, Case No. 15-cv-3246, Dkt. No. 43, ¶ 3.  A copy of this Order is attached as Exhibit B.  These state law claims

---

[1] Because Defendant Elite is a party to both the *Marquez* (Case No. 16 C 10748) and *Hernandez* lawsuits, Defendant Elite refers to the allegations of both lawsuits, which are substantively identical and subject to the same *res judicata* bar.

[2] This Court may take judicial notice of Plaintiffs' court filings for purposes of a Rule 12(b)(6) motion to dismiss.  *Carter v. JPMorgan Chase Bank, N.A.*, No. 17 C 6216, 2017 U.S. Dist. LEXIS 187772, at *3 (N.D. Ill. Nov. 14, 2017); *see also Huon v. Johnson & Bell, Ltd.*, 757 F.3d 556, 560 (7th Cir. 2014) (same).

encompass the same issues as the issues presented in this case, namely, whether Plaintiffs were paid all that they were entitled to under Illinois and federal law while they worked for Defendant Elite. As to Defendant Elite, the time period covered by this action and the *Baker* claim are the same. Each of the Plaintiffs in this case were unnamed class members in *Baker*, and did not elect to opt out of the case, even though the instant lawsuit and the *Baker* case were pending at the same time and the same attorneys represented the plaintiffs in both cases. *See* Pl. Resp. Br. (filed in *Hernandez*) Case No. 16-cv-10747, at 20-21 [Dkt. 166]. The District Court then dismissed the *Baker* lawsuit with prejudice on March 1, 2017. A copy of this Order is attached as Exhibit C. Accordingly, as discussed below, principles of *res judicata* bar Plaintiffs' claims against Defendant Elite.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In the *Marquez* lawsuit, Plaintiff Marquez alleges that she had worked for Elite from mid-2014 through April 2015. *Marquez* Fourth AC, ¶ 24. Plaintiff Martinez alleges that she worked at Elite from mid-2014 through March 2016. *Id*. at ¶ 30. Plaintiff Flores alleges that she had worked at Elite in 2014. *Id*. at ¶ 37. Each of these plaintiffs currently allege that Elite failed to pay them the minimum wage in accordance with state and federal law. *Marquez* Fourth AC, ¶¶ 184, 189, 197. They further allege that Defendant Elite violated the IDTLSA and IWCPA, resulting in Plaintiffs purportedly being paid less than what they believe that they should have been paid. *Id*. ¶¶ 206, 212.

Similarly, in the *Hernandez* matter, Plaintiff Hernandez alleges that he worked at Defendant Elite from early 2015 through at least mid-2016. *Hernandez* Fourth AC, ¶ 35. He too alleges that he was paid less than the minimum wage under state and federal law. *Id*. at ¶¶ 312, 322. He further alleges that Defendant Elite violated the IDTLSA and IWCPA. *Id*. ¶¶ 344, 339.

Similarly, in the *Baker* case, Plaintiffs alleged that beginning in 2012, they worked for Defendant Elite and were paid less than the state and federal minimum wage for a variety of reasons, and did not receive all pay due to them based on an alleged violation of the IDTLSA. Ex. A, *Baker* First AC, ¶¶ 27, 36, 45, 52, 63. The *Baker* Plaintiffs also alleged that Defendant Elite violated the IWCPA. *Id.* at ¶ 1. Thus, much like in the present lawsuits, the *Baker* Plaintiffs alleged that Defendant Elite failed to pay them everything that they claim was due under state and federal law for their work, for the very same period of time as the periods at issue in this case.

However, as noted, in the *Baker* lawsuit, as part of the settlement process, on February 24, 2017, Plaintiffs agreed to certify a class as to all state law claims alleged in that case that encompassed anyone who worked for Elite from April 13, 2012 through April 13, 2015. Ex. B, ¶ 3. Plaintiffs described the claims at issue as follows:

> On April 13, 2015 Plaintiffs filed this action in the U.S. District Court for the Northern District of Illinois alleging that Defendant Elite Staffing, Inc. ("Defendant" or "Elite"): (a) failed to pay them the federal and Illinois-mandated minimum and/or overtime wages for all time worked in violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") (collectively, the "Alleged Minimum Wage Violations"); (b) failed to provide Plaintiffs with an Employment Notice (and/or failed to provide them with an accurate Employment Notice) in violation of the Illinois Day and Temporary Labor Services Act ("IDTLSA"), 820 ILCS 175/1, *et seq.* (the "Alleged Employment Notice Violation"); and (c) failed to compensate Plaintiffs for a minimum of four hours at their regular rate of pay on days that they were contracted by Defendant to work at a third party client company but were not utilized in violation of the IDTLSA (the "Alleged Four Hour Minimum Pay Violation"). On April 15, 2015, Plaintiffs filed a First Amended Complaint making the above-referenced allegations on a class-wide basis.

*See* Pl. Mem. of Law in Support of Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement Agreement Between Plaintiffs and Defendant Elite Staffing, Inc., Case No. 15-cv-3246, Dkt. No. 50, at 2 (a copy of this motion is attached as Exhibit D). There is no

dispute that each of the Plaintiffs in the *Marquez* and *Hernandez* case were members of the *Baker* class as they each claimed to have worked for Defendant Elite during the settlement class period. The Court dismissed the *Baker* action in its entirety, with prejudice on March 1, 2017. *See* Ex. C. None of the Plaintiffs in the pending actions claim to have worked for Defendant Elite on a date after the date of the *Baker* dismissal Order.

Nine months later, Plaintiffs in the *Marquez* and *Hernandez* lawsuits added Defendant Elite to these already pending cases as part of the Third Amended Complaints filed in these actions. Because the *Baker* Plaintiffs were represented by the same lawyers who currently represent Plaintiffs Marquez, Martinez, Flores and Hernandez, this Court should not assume that the Plaintiffs in this case were somehow unaware that each previously worked for Defendant Elite at the outset of the *Marquez* and *Hernandez* lawsuits, which were both filed on November 18, 2016.

## III.    ARGUMENT

### A.    This Court Should Dismiss All Of Plaintiffs' Claims Against Defendant Elite Because Plaintiffs' Pending Claims Violate The Court's Prohibition Against Claim-Splitting.

The doctrine of *res judicata* serves to protect the Court's limited resources and to prevent parties "from the expense and disruption of being haled into court repeatedly." *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). In federal court, *res judicata* has three elements: "(1) an identity of the parties or their privies in the first and second lawsuits; (2) an identity of the cause of action; and (3) a final judgment on the merits in the first suit." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). As to the first element, the Plaintiffs asserting claims against Defendant Elite became parties to the *Baker* action when the Court certified the Rule 23 class of all state law claims. *See In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 333 F.3d at 767 ("unnamed class members have the status of parties for many purposes

and are bound by the decision"). As to the third element, the District Court's Order of March 1, 2017 was a final judgment. *See Kilburn–Winnie v. Town of Fortville*, 891 F.3d 330, 333 (7th Cir. 2018) ("When the district court entered an order approving the settlement and dismissing the case with prejudice, the case was completely resolved.").

As to the second element of *res judicata*, "[w]hether there is an identity of the cause of action depends on whether the claims comprise the same core of operative facts that give rise to a remedy." *Adams*, 742 F.3d at 736 (internal quotation marks omitted). This is because "[o]nce a transaction has caused [an] injury, all claims arising from that transaction must be brought in one suit or be lost." *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986). "Two claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *Tartt v. Nw. Comm. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006). "You cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory. That is called 'claim splitting,' and is barred by the doctrine of *res judicata*." *Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010).

Each of the Plaintiffs' claims in this action arise from the same transactions that were encompassed by the *Baker* lawsuit, *i.e.*, whether Plaintiffs were paid all that was due under state and federal law while they performed work for Defendant Elite. Whether Plaintiffs in the pending *Marquez* and *Hernandez* lawsuits have alleged different theories or reasons for why they claim to have not been paid everything they claim is due to them does not provide this Court with a basis to allow Plaintiffs to proceed. *See Parungao v. Community Health Systems*, 858 F.3d 452, 457 (7th Cir. 2017) ("separate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief.").

The Seventh Circuit and Courts within this District have required Plaintiffs to assert all of their claims relating to their working conditions in a single action. For example, in *Carter v. JPMorgan Chase Bank, N.A.*, No. 17 C 6216, 2017 U.S. Dist. LEXIS 187772, at *1 (N.D. Ill. Nov. 14, 2017), and its predecessors, a number of Courts within this District have held that res judicata bars successive lawsuits brought by the same plaintiff who alleged claims based on different legal theories all stemming from an incident involving his appearance at the defendant's office for a job interview. *Id.* In *Fogel v. Gordon & Glickson, P.C.*, No. 03 C 1617, 2004 U.S. Dist. LEXIS 6871, at *8 (N.D. Ill. Apr. 21, 2004), the District Court held that res judicata prevented a plaintiff from arbitrating a claim relating to deferred compensation owed to him that was triggered by his withdrawal from his prior firm. The Court determined: "though [Plaintiff] Fogel's claims allege different violations of law, rely on some different facts, and seek different relief, they are based on what is in effect the same transaction: the 'firm's' failure to pay [Plaintiff] Fogel the deferred compensation he was due upon withdrawal." *Id.* In this case, irrespective of the theories and factual allegations, Plaintiffs' claims stem from the same transaction as in *Baker*, as the Plaintiffs all allege that they were not paid everything to which they believe they were entitled to while working for Defendant Elite.

Similarly, in *Huon v. Johnson & Bell, Ltd.*, the Seventh Circuit affirmed the District Court's ruling that the plaintiff's state court lawsuit alleging defamation and emotional distress claims against his former employer barred the plaintiff's subsequent lawsuit in which he alleged Title VII and Section 1981 claims against the employer. *Huon v. Johnson & Bell, Ltd.*, 757 F.3d 556, 559 (7th Cir. 2014). Because all of the claims at issue, the conditions of the plaintiff's prior employment, the Seventh Circuit held that the plaintiff could not separately litigate his federal claims from the common law claims that he first-filed. *Id.* ("[T]hese additional allegations arise

out of the same facts underlying the state suit—his job conditions…"). Similarly, in this case, the plaintiffs' claims all center on the same issue – the amount of pay that the plaintiffs claim that they should have received while they were working for Defendant Elite.

More recently, a Court within this District similarly concluded that a plaintiff's state law retaliation claim arose from the same transaction for res judicata purposes even though the second lawsuit alleged federal Section 1983 claims, and not state law claims and purportedly involved different decisions or facts. *Porter v. Board of Education of Chicago*, No. 17-CV-01780, 2018 U.S. Dist. LEXIS 69359, at *19 (N.D. Ill. Apr. 25, 2018) ("Porter's assertion that her federal claims are based on retaliation motivated specifically by her filing of the state court case is, at best, an alternative legal theory for relief, which does not constitute a separate cause of action."). Similarly, a plaintiff's disability, age, race, and § 1981 claims were subject to res judicata based on the prior dismissal of a claim that only alleged sex discrimination. *See Pullen-Walker v. Roosevelt University*, No. 05 C 5648, 2006 U.S. Dist. LEXIS 47229, at *14 (N.D. Ill. June 28, 2006).

In this case, the operative transaction giving rise to Plaintiffs' claims are the dates when they worked for Defendant Elite. As discussed previously, the *Baker* action alleged that Plaintiffs were underpaid on these dates, as do the Plaintiffs in the *Marquez* and *Hernandez* actions before this Court. Because Plaintiffs asserting claims against Defendant Elite in the *Marquez* and *Hernandez* lawsuits do not dispute that they were parties to a prior action against Defendant Elite that alleged pay-related claims, *i.e.*, *Baker*, which was dismissed with prejudice on March 1, 2017, *res judicata* bars these claims. Accordingly, Defendant Elite respectfully requests that the Court dismiss Plaintiffs' claims against Defendant Elite with prejudice.

7

**B.** **This Court Should Reject Plaintiffs' Argument That The *Baker* Settlement Agreement Allows Them To Assert Their Claims.**

Defendant Elite notes that Plaintiffs have previously argued to this Court in response to Elite's prior motion to dismiss that because the scope of the release provided by the *Baker* class was limited to IDTLSA claims, the Court should allow Plaintiffs to proceed with these actions. Pl. Resp. Br. (filed in *Hernandez*) Case No. 16-cv-10747, Dkt. No. 166, at 20-21. However, the Court should note that the Settlement Agreement in *Baker* did not authorize Plaintiffs to engage in the claim-splitting that is inherent in their successive suits against Defendant Elite. Rather, the parties agreed that all claims encompassed within that lawsuit would be dismissed with prejudice. *See* Joint Stipulation and Agreement to Settle Class Action Claims, at ¶V.1.(s) (defining the Final Judgment to be a dismissal of the entire lawsuit, with prejudice). Indeed, as reflected in the Orders attached as Exhibits, Plaintiffs' counsel submitted proposed Orders to the Court in which the Court certified the class as to <u>all</u> state law claims and then dismissed <u>all</u> claims alleged in the *Baker* complaint with prejudice. Prior to dismissing the lawsuit, Plaintiffs did not seek to amend the *Baker* lawsuit to drop their alleged wage and hour claims, despite having filed the *Marquez* and *Hernandez* lawsuits against defendants other than Defendant Elite prior to the dismissal of the *Baker* lawsuit. Moreover, Plaintiffs Marquez, Martinez, Flores and Hernandez did not opt out of the *Baker* settlement.

Lastly, Plaintiffs did not add Defendant Elite to the *Marquez* and *Hernandez* actions until Plaintiffs filed their Third Amended Complaints, more than a year after these cases were initially filed. The fact that Plaintiffs were aware of the *Baker* settlement at the time that they filed these cases, yet delayed adding Defendant Elite to these cases until after the *Baker* case had been dismissed, underscores that Defendant Elite did not agree to allow piecemeal litigation over

Plaintiffs' pay-related claims. For these reasons, the Court should recognize that Defendant Elite did not agree to allow Plaintiffs to split their claims or subject itself to repetitive lawsuits.

WHEREFORE, Elite Staffing, Inc. respectfully requests that the Court grant this Motion and dismiss all of Plaintiffs' claims against Elite with prejudice, and award such other relief as the Court deems proper.

Dated: November 6, 2018                                 Respectfully submitted,

                                                       ELITE STAFFING, INC.

                                                       By:    /s/ Antonio Calderone
                                                              One of Its Attorneys

Antonio Caldarone
Peter J. Gillespie
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800/(312) 467-9479 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I, Antonio Calderone, an attorney, hereby certify that on November 6, 2018, I caused to be served a copy of the foregoing **Elite Staffing's Memorandum of Law in Support of Its Motion to Dismiss Plaintiffs' Fourth Amended Class Action Complaint**, in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record by operation of the Court's CM/ECF electronic filing system.

/s/ Antonio Calderone

4826-1123-3146.v2-11/6/2018 5:20 PM