**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FRANCISCO HERNANDEZ, et al., | ) | |
| | ) | |
| | ) | Case No. 16 C 10747 |
| Plaintiffs, | ) | |
| | ) | Judge Gettleman |
| v. | ) | |
| | ) | Magistrate Judge Schenkier |
| MULTI-SERVICIOS LATINO, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ELITE STAFFING'S REPLY BRIEF IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT**

Defendant, Elite Staffing, Inc. ("Elite"), by and through its attorneys, hereby submits its

Reply Brief In Support of Its Motion to Dismiss Plaintiffs' Fourth Amended Class Action

Complaint claims against Elite pursuant to Fed. R. Civ. P. 12(b)(6) (the "Fourth Amended

Complaint").

In its separate Motion to Dismiss, Elite established that Plaintiffs' claims, as set forth in

Counts XVI (FLSA), XVII (IMWL and IDTLSA), XVIII (IDTLSA), XIX (IWPCA and

IDTLSA) of the *Marquez* action and Counts XXVI (FLSA), XXVII (IMWL), XXVIII

(IDTLSA), XXIX (IWPCA and IDTLSA) in the *Hernandez* action, constitute impermissible

claim-splitting and are barred by the doctrine of *res judicata*, because Plaintiffs were members of

a class that previously filed a pay-related lawsuit in the *Baker* action. In particular, Elite

demonstrated that in both this case and in *Baker*, Plaintiffs asserted on a class-wide basis, among

other things, a dispute over the amount that they were paid while allegedly working for Elite.

The *Baker* claims were dismissed, with prejudice, roughly nine months before Plaintiffs

attempted to add Elite to the already pending claims in this lawsuit and the connected *Martinez*

case.

In their Response, Plaintiffs do not dispute that they were part of the *Baker* class or that the *Baker* class litigation involved, as in this case, a dispute with Elite over the amount that they were paid for their work. Nor do they dispute that none of their claims arose after the dismissal of the *Baker* case. Despite having had a prior opportunity to review the issue in connection with Elite's prior motion to dismiss, Plaintiffs fail to cite a single case in support of their arguments. For these reasons, as discussed in greater detail below, the Court should dismiss Plaintiffs' claims against Elite, with prejudice.

A. **Because Plaintiffs Do Not Refute That Their Claims Are Barred By The Prohibition Against Claims-Splitting, This Court Should Dismiss All Of Plaintiffs' Claims Against Elite.**

In its Motion, Elite demonstrated that: (a) Plaintiffs in this case were class members in a prior lawsuit filed against Elite, *i.e.*, the *Baker* lawsuit, and did not opt out; (b) the prior *Baker* lawsuit involved allegations that Elite underpaid Plaintiffs and others for their work; and (c) all of the claims in the *Baker* lawsuit were dismissed with prejudice. [Dkt. No. 230], at 2-4; *see also* Elite's Exs. A-D. Accordingly, Plaintiffs' present claims are barred by the doctrine of *res judicata*, as all of the elements of *res judicata* apply. *See Kilburn–Winnie v. Town of Fortville*, 891 F.3d 330, 333 (7th Cir. 2018) ("When the district court entered an order approving the settlement and dismissing the case with prejudice, the case was completely resolved."); *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). Elite further established that although the parties' settlement in *Baker* encompassed a release of claims pertaining to certain IDTLSA claims, Plaintiffs certified a class of state law claims and then dismissed all of the pending claims with prejudice. Plaintiffs' efforts to re-assert pay-related claims in this action violate the prohibition against claim-splitting, and, therefore, should be dismissed. [Dkt. No. 230], at 5; *see also Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010).

In their Response, Plaintiffs incorrectly characterize Elite's position as a contention that Plaintiffs previously released their claims against Elite when they joined in the *Baker* settlement. Pl. Resp. [Dkt. No. 234], at 21-22. Elite's Motion to Dismiss is based on well-settled case law governing *res judicata*, and not the scope of the release contained in the *Baker* settlement agreement. *Res judicata* applies based on the overlap of claims that were previously pled by Plaintiffs in the *Baker* lawsuit, and are not based on the terms of a settlement document. *See, e.g.*, *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986) ("Once a transaction has caused [an] injury, all claims arising from that transaction must be brought in one suit or be lost."). Plaintiffs further ignore that they certified a class of state law pay-related claims in *Baker*, and that paragraph 15 in the Order dismissed the *Baker* case in its entirety, with prejudice. [Dkt. No. 230], Ex. C, ¶ 15. In other words, the *Baker* dismissal Order did nothing to preserve Plaintiffs' ability to bring further claims against Elite after the *Baker* lawsuit had been dismissed. Nevertheless, irrespective of the scope of the release, Plaintiffs cannot dispute that the prohibition against claim-splitting prevents Plaintiffs from re-asserting wage and hour and pay-related issues in this case, as the *Baker* lawsuit also encompassed pay-related issues and claims under the same statutes. *See, e.g.*, *Carr*, 591 F.3d at 913-14. Accordingly, this Court should dismiss Plaintiffs' claims against Elite.

This Court should further note that in *Baker*, Plaintiffs argued in support of their class certification motion that a common question in that case involved whether the putative class members were paid all that they were entitled to while employed by Elite. [Dkt. No. 230], Ex. D, at 11 (arguing that the class was employed by Elite and allegedly did not receive minimum pay when required by the IDTLSA). Thus, Plaintiffs have no basis to dispute that the claims before this Court arise from the same set of events and transactions as in *Baker*. *See, e.g.*, *Carr*, 591

F.3d at 913-14. Accordingly, the *Baker* Court entered a final order governing the same transactions that are alleged in the cases before this Court, and *res judicata* applies.

Lastly, this Court should not overlook that, although Plaintiffs describe Elite's arguments as "disingenuous and wrong," Plaintiffs do not provide this Court with any actual legal support for their own arguments. Plaintiffs make no effort to distinguish any of the controlling legal authority that Elite cited in its motion to dismiss. Plaintiffs' failure to cite a single case to support their position constitutes waiver of their opposition to Elite's motion. *See M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("[A]rguments unsupported by legal authority" are waived.); *Allian v. Allian*, No. 18 C 3825, 2018 U.S. Dist. LEXIS 210932, at *14 (N.D. Ill. Dec. 14, 2018) ("Plaintiffs … cite no authority for their position, … thus forfeiting the issue."); *Duehning v. Aurora East Unified School District 131*, No. 13 C 5617, 2015 U.S. Dist. LEXIS 110679, at *12 (N.D. Ill. Aug. 20, 2015) (a court is not required to conduct legal research on behalf of a represented party). Because Plaintiffs cannot cite a single case to support their argument that their pending lawsuits before this Court survived the dismissal of the *Baker* action, this Court should dismiss all of Plaintiffs' claims against Elite with prejudice.

WHEREFORE, Elite Staffing, Inc. respectfully requests that the Court grant this Motion and dismiss all of Plaintiffs' claims against Elite (Counts XVI (FLSA), XVII (IMWL and IDTLSA), XVIII (IDTLSA), XIX (IWPCA and IDTLSA) of the *Marquez* action and Counts XXVI (FLSA), XXVII (IMWL), XXVIII (IDTLSA), XXIX (IWPCA and IDTLSA) of the *Hernandez* action) with prejudice, and award such other relief as the Court deems proper.

4831-1959-6421.v2

Dated: January 8, 2019                     Respectfully submitted,

                                           ELITE STAFFING, INC.

                                           By: ___/s/ Peter J. Gillespie_____
                                                  One of Its Attorneys

Antonio Calderone
Peter J. Gillespie
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800/(312) 467-9479 (fax)

## CERTIFICATE OF SERVICE

I, Peter J. Gillespie, an attorney, hereby certify that on January 8, 2019, I caused to be served a copy of the foregoing **Elite Staffing's Reply Brief in Support of Its Motion to Dismiss Plaintiffs' Fourth Amended Class Action Complaint**, in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record by operation of the Court's CM/ECF electronic filing system.

/s/ Peter J. Gillespie

4831-1959-6421.v2